

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**URAIN ROBINSON,**

      Plaintiff,

v.

      Civil Action No. **3:11CV369**
      Criminal Action No. **3:04CR342**

**UNITED STATES OF AMERICA,**

      Defendant.

### MEMORANDUM OPINION

Urain Robinson, a federal prisoner proceeding *pro se* and *in forma pauperis* submitted this Motion for Return of Seized Property pursuant to Federal Rule of Criminal Procedure 41(g) ("Rule 41(g) Motion"). The Court directed the United States to file a response. The Government filed its Response. Robinson failed to reply.[1] The matter is ripe for disposition. For the reasons set forth below, Robinson's Motion for Return of Seized Property will be DISMISSED.

### I. The Parties' Submissions

**A.      Robinson's Rule 41(g) Motion**

In his Rule 41(g) Motion, Robinson notes that on July 18, 2004, the Virginia State Police arrested him. (Rule 41(g) Mot. 1.)[2] Robinson states, "The cause for arrest became a Federal Criminal matter on or about 2/2005." (*Id.*) Robinson alleges that unidentified "[e]vidence and seized property was turned over to the Federal Authorities sometime near the time that the

---

[1] In an April 3, 2012 Memorandum Order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court provided notice to Robinson of the consequences of the failure to file a reply to the Government's Response.

[2] The Court employs the pagination assigned to the Rule 41(g) Motion by the Court's CM/ECF numbering system.

criminal matter was transferred." (*Id.*) Robinson asserts, "No criminal forfeiture was ordered in any case respecting the property listed here as: a. One 2003 Chrysler LHS automobile, V.I.N. Unknown; b. About $19,000.00 in U.S. Currency; [and,] c. Other miscellaneous property such as clothing and cellular telephones." (*Id.* at 2 (punctuation corrected).)[3] Robinson requests that the Court enter an order directing the return of all of his property.

### B.   The Government's Response and this Court's Record

The Government responded by submitting the declaration of David B. Caunter, a Supervisory Special Agent with the Drug Enforcement Administration ("DEA") (Resp. Attach. 1 ("Caunter Decl.")), and an Order of Forfeiture from the Circuit Court for the County of Henrico, Virginia. (Resp. Attach. 2 ("Order of Forfeiture").)[4] Caunter swears that he "checked the DEA's evidence inventory system and determined that the DEA does not have and has never had custody of" the Chrysler LHS Automobile, V.I.N. # Unknown, approximately $19,000.000 in currency, and the other miscellaneous property such as clothing and cellular telephone mentioned Robinson's Rule 41(g) Motion." (Caunter Decl. 1.)[5] Caunter explains that "the

---

[3] The Court notes that at the end of his Rule 41(g) Motion Robinson states, "I declare under the penalty of perjury that the foregoing is true, correct, and complete *to the best of my knowledge, information, and belief.*" (Rule 41(g) Mot. 3 (spelling corrected) (emphasis added).) That declaration is equivocal. It fails to indicate what portions of the declaration are based on personal knowledge. For example, no indication exists that Robinson has personal knowledge regarding the alleged transfer of the seized evidence from the Virginia State Police to the federal government. (Rule 41(g) Mot. 1.) Thus, the Court deems such statements as "'mere pleading allegations.'" *Hogge v. Stephens*, No. 3:09CV582, 2011 WL 2161100, at *2 & n.5 (E.D. Va. June 1, 2011) (quoting *Walker v. Tyler Cnty. Comm'n*, 11 F. App'x 270, 274 (4th Cir. 2001)); *cf. United States v. Roane*, 378 F.3d 382, 400–01 (4th Cir. 2001) (concluding § 2255 movants failed to demonstrate a need for an evidentiary hearing based upon their "conclusory assertions") (internal quotation marks omitted).

[4] The Court employs the pagination assigned by the Court's CM/ECF docketing system in citing to the Order of Forfeiture.

[5] The parties provide different model years for the vehicle seized from Robinson. Robinson indicates the vehicle was a "2003 Chrysler." (Rule 41(g) Mot. 2.) The Government's

automobile and money [were] seized from . . . Urain Robinson by the Virginia State Police Department in 2004." (*Id.*) Caunter "confirmed with the Virginia State Police evidence custodian that Henrico County forfeited the 2000 Chrysler, 300 Sedan, VIN #2C3HC56G9YH179162, and the $19,537.00 in U.S. Currency in a state judicial proceeding." (*Id.*) Caunter attached to his Declaration a copy of the Order of Forfeiture which reflects that, prior to entry of the Order of Forfeiture, Robinson received personal notice, but failed to appear or respond to the order to show cause why the 2000 Chrysler and $19,537.00 in currency should not be forfeited. (Order of Forfeiture 1.) The Circuit Court for the County of Henrico then found the 2000 Chrysler and the $19,537.00 in currency "was property used in substantial connection with the illegal sale or distribution of controlled substances" and forfeited said property pursuant to state law. (*Id.* at 1–2.)

Caunter also swears that he reviewed "a copy of the Virginia State Police Investigative Report and . . . confirmed with the Virginia State Police evidence custodian that any other additional property, besides [the Chrysler and the currency described above], was never seized." (Caunter Decl. 1.)

This Court's records reflect that, on November 2, 2004, a federal grand jury indicted Robinson on one count of possession with intent to distribute cocaine hydrochloride. Indictment 1, *United States v. Robinson*, 3:04CR342 (E.D. Va. filed Nov. 2, 2004). On May 23, 2005, a jury convicted Robinson of that charge. Verdict Form 1, *United States v. Robinson*, 3:04CR342 (E.D. Va. filed May 23, 2005). Neither the Government's Witness & Exhibit List, nor the Court's record of the exhibits introduced at trial, indicate that the Government ever had possession of the property Robinson seeks in his Rule 41(g) Motion. Gov't's Witness & Exhibit

---

submissions indicate the vehicle was a "2000 Chrysler." (Order of Forfeiture 1.) Despite the disagreement as to the model year of the vehicle, the totality of the record indicates that the parties' submissions refer to the same vehicle.

List (ECF No. 15) 1, *United States v. Robinson*, 3:04CR342 (E.D. Va. filed May 23, 2005);

Court's Exhibit and Witness List (ECF No. 16) 1, *United States v. Robinson*, 3:04CR342 (E.D.

Va. filed May 23, 2005).

## II. Analysis

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. *The court must receive evidence on any factual issue necessary to decide the motion.* If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g) (emphasis added). "[A]ny factual determinations supporting the court's

decision must be based on evidence received. This requirement does not mean that a district

court must conduct an evidentiary hearing to resolve all factual disputes. It does require,

however, that the district court . . . resolve factual disputes" on evidence, rather than on mere

allegations. *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007) (citing *United States v.*

*Albinson*, 356 F.3d 278, 281–82 (3d Cir. 2004)).

Appropriate circumstances exist for a Rule 41(g) motion only if the United States

possesses the property. *See United States v. Marshall*, 338 F.3d 990, 995 (9th Cir. 2003); *United*

*States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997); *see also United States v. Gomez*, 382 F. App'x

344, 345 (4th Cir. 2010) (affirming denial of Rule 41(g) motion where "[t]he United States never

had actual or constructive possession of the property that is the subject of [the] motion[]").[6] In

---

[6] The cases cited herein predating 2002 address motions brought pursuant to Federal Rule of Criminal Procedure 41(e). The Advisory Committee reorganized Rule 41 in 2002, amended Rule 41(e), and recodified it as Rule 41(g). The Advisory Committee Notes described the changes as "stylistic only." *See* Fed. R. Crim. P. 41, Advisory Committee Notes, 2002 Amendments.

4

"limited circumstances," a defendant may use Rule 41(g) "as a vehicle to petition for the return of property seized by state authorities." *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999), *superseded by statute*, Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106–185, § 2, 114 Stat. 202, 208, *as recognized in Kadonsky v. United States*, 3 F. App'x 898, 904 n.6 (10th Cir. 2001).[7] These circumstances include "actual federal possession of the property forfeited by the state," or constructive federal possession of the property: (1) where the government uses the property as evidence in the federal prosecution, or (2) where the federal government directed state officials to seize the property. *Clymore*, 164 F.3d at 571 (citations omitted); *see United States v. Copeman*, 458 F.3d 1070, 1072 (10th Cir. 2006); *Solis*, 108 F.3d at 722–23.

A court may summarily dismiss a Rule 41(g) motion for lack of jurisdiction where "[t]here is no evidence of record to show that the property in question was ever in the possession of the federal government." *United States v. Obi*, 100 F. App'x 498, 499 (6th Cir. 2004) (dismissing motion for return of property where inmate "failed to carry his burden of showing real or constructive possession of the property by the federal government" (citing *Clymore*, 164 F.3d at 571)); *accord United States v. Eaton*, 62 F. App'x 281, 283 (10th Cir. 2003) (affirming summary dismissal of motion for return of property where "the evidence of federal involvement presented on Defendant's motion was insufficient to meet the *Clymore* standard"); *Solis*, 108 F.3d at 722 (concluding district court appropriately denied motion for return of property where "there is no evidence [the property sought] was in the actual or constructive possession of the United States").

---

[7] *Clymore* remains good authority for the above proposition set forth in this Memorandum Opinion. However, Congress significantly amended the civil forfeiture statute discussed in *Clymore*. *See Kadonsky*, 3 F. App'x at 904 n.6.

No record evidence exists that federal authorities actually possessed the property sought in Robinson's Rule 41(g) Motion.  Furthermore, Robinson fails to muster any probative evidence reflecting that the United States constructively possessed the property he seeks in his Rule 41(g) Motion.  *See United States v. Downs*, 22 F. App'x. 961, 963(10th Cir. 2001) ("A movant must show more than the mere fact that the charges against him were ultimately prosecuted in federal court to establish that the United States is in constructive possession of his personal property."); *Miller v. Reno*, No. 99-5468, 2000 WL 302786, at *1 (6th Cir. Mar. 17, 2000) ("Merely alleging involvement by federal authorities is insufficient to vest the district court with jurisdiction over [a motion for return of property]." (citing *Clymore*, 164 F.3d at 571)).  Given Robinson's failure to demonstrate the United States ever actually or constructively possessed the property he seeks, the Rule 41(g) Motion (ECF No. 2) will be DISMISSED for lack of jurisdiction.[8]

An appropriate Final Order shall issue.

Date: 2-21-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge

---

[8] Because the United States never possessed the property described in Robinson's Rule 41(g) Motion, the Court lacks subject matter jurisdiction over the property, and the appropriate disposition is dismissal. *See Downs*, 22 F. App'x at 963.